IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CASEY ATES, | : | |
| Plaintiff | : | |
| VS. | : | |
| NATHAN DEAL, "Principal," | : | 5:16-CV-571 (MTT) |
| Defendant | : | |
| _____ : | | **O R D E R** |

Plaintiff Casey Ates, an inmate at Hays State Prison, has sent the Court a "Motion to Enforce Liability," which the Clerk's Office has docketed as a complaint under 42 U.S.C. § 1983. Plaintiff has neither paid the Court's filing fee nor filed a motion to proceed *in forma pauperis*.

Plaintiff seeks injunctive relief against Governor Nathan Deal, "Principal," apparently over a prior grant of habeas relief. In his motion, Plaintiff makes largely nonsensical allegations, including that "[t]he final judgment in the writ // habeas corpus is proper for indemnity against surety." (ECF No. 1 at 1). The relief Plaintiff seeks is copies of surety bonds issued on behalf of Cochran and Forsyth, Georgia.

As the Court has recently discussed, Plaintiff has filed several federal lawsuits and has incurred more than three strikes under 28 U.S.C. § 1915(g). *Ates v. Surety Co.*, 5:16-cv-636 (CAR) (M.D. Ga.) (Order dated Dec. 16, 2016). In addition to Plaintiff

failing to meet the requisite burden for injunctive relief,[1] he makes no credible allegation that he is in "imminent danger of serious physical injury. 28 U.S.C. 1915(g).

In light of the foregoing, the instant action is **DISMISSED WITHOUT PREJUDICE**. If Plaintiff wishes to bring a civil rights lawsuit, he may do so by submitting a new complaint on this Court's section 1983 form, accompanied by the Court's the $400 filing fee. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

**SO ORDERED**, this 13th day of January, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] Injunctive relief may be granted only if the movant shows that: (1) his case has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *This That and Other Gift and Tobacco, Inc. v. Cobb Cnty, Ga.*, 285 F.3d 1319, 1321-22 (11th Cir. 2002). In *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (quotation omitted), the Eleventh Circuit Court of Appeals stated that a "preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." At a minimum, Plaintiff has failed to describe an "irreparable injury."